UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARCIO ANDRES RUIZ PEREZ,

                Petitioner,

    v.

LUIS SOTO, et al.,

                Respondents.

Civ. Action No. 25-16871 (JXN)

**MEMORANDUM AND ORDER**

**NEALS**, District Judge

      Before the Court is a *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, signed by a family member[1] as "next friend" of petitioner Marcio Andres Ruiz Perez ("Petitioner"), an immigration detainee confined at Delaney Hall Detention Center in Newark, New Jersey. (*See generally* ECF No. 1.) The Court previously administratively terminated this matter based on Petitioner's failure to pay the $5.00 filing fee or submit an application to proceed *in forma pauperis*. (ECF No. 3.) On November 5, 2025, a Nora Christiani signed and filed a motion to reopen this matter, and the $5.00 filing fee was received. (*See* ECF No. 4.)

      The Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

---

[1] The Court is unable to determine the name of the individual who signed the Petition but notes that they indicate they are a "family member" of Petitioner. (ECF No. 1 at 9.)

Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

On October 25, 2025, an individual submitted the Petition as Petitioner's "family member." (*See* ECF No. 1 at 9.) According to the Petition, Petitioner is currently detained at Delaney Hall Detention Center after being re-detained by Immigration and Customs Enforcement ("ICE") following Petitioner's release on bond. (*Id.* at 2.)

The Court construes the Petition has having been brought by Petitioner's family member as a "next friend" on Petitioner's behalf. The federal habeas statute requires that a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his behalf." 28 U.S.C. § 2242; *see also* Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts (applicable to § 2241 petitions through Rule 1(b) and requiring the petition to be signed under penalty of perjury or by a person authorized to sign it for the petitioner under § 2242). In limited circumstances, persons unable to prosecute their own action may have third persons— "next friends"—stand in for them. *See Whitmore v. Arkansas*, 495 U.S. 149, 161–62 (1990).

"First, a 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163. "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163–64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164. "[N]ext friend" standing "'is by no means granted automatically to whomever seeks to pursue an action on behalf of another,' *id.*

at 163, and next friend habeas petitions are 'rare.'" *Dyer ex rel. Dyer v. Warden of S. Woods State Prison*, No. 25-14807, 2025 WL 2783868, at *2 (D.N.J. Sept. 30, 2025) (citing *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998)).

Petitioner's family member fails to provide any explanation regarding why Petitioner cannot bring the Petition on his own behalf, nor do they indicate that they are dedicated to the best interests of and have a significant relationship with Petitioner. *Whitmore*, 495 U.S. at 163-64.

In addition, "[i]n the federal courts, 'parties may plead and conduct their own cases personally or by counsel.' This provision authorizes only 'two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself."'" *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) (quoting 28 U.S.C. § 1654; *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007)). In other words, Petitioner can appear on his own behalf or with an attorney to represent him. "A non-attorney cannot represent another party, even if acting as a next friend." *Schlemmer v. Cent. Intelligence Agency*, 804 F. App'x 127, 128, n. 2 (3d Cir. May 13, 2020). Petitioner's family has provided no evidence that they are an attorney. As a result, the family member, as a lay person cannot pursue this case as a "next friend" without retaining an attorney. "In other words, Petitioner can appear on his own behalf . . . [,] with an attorney to represent him," or with a next friend who has retained an attorney. *Kerrigan*, No. 2021 WL 6424641, at * 2 (quoting *Burton v. United States*, No. 20-5322, 2020 WL 2899496, at *2 (D.N.J. June 3, 2020)). For all of those reasons, the Court will deny the request to pursue this case as Petitioner's next friend.

Petitioner may reopen this matter if he timely submits a signed Petition, on his own behalf. Alternatively, Petitioner's family member may reopen this matter if they can show why Petitioner cannot bring the Petition on his own behalf, that they have a "significant relationship" with

3

Petitioner, and that they have retained an attorney and files a counseled motion to proceed at Petitioner's "next friend."

Accordingly

**IT IS**, on this 14th day of November 2025,

**ORDERED** that the Clerk of the Court shall **RE-OPEN** this matter for the purpose of this Order only; and it is further

**ORDERED** that the Motion to Reopen (ECF No. 4) is **DENIED** *without prejudice*; and it is further

**ORDERED** that Petitioner's family member's request to pursue this matter as Petitioner's "next friend" is **DENIED** *without prejudice*; they may renew the request after hiring an attorney and filing a counseled motion to proceed as "next friend" within thirty (30) days from the date of this Order; and it is further

**ORDERED** that alternatively, Petitioner has thirty (30) days from the date of this Order to submit a signed Petition on his own behalf; and it is further

**ORDERED** that the Clerk of the Court shall send Petitioner a blank copy of a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 form- AO-242 (12/11); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Order upon Petitioner by regular U.S. mail and **ADMINISTRATIVELY TERMINATE** this matter.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge